UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEREMY P. GALLANT,<br>    Plaintiff, | Case No. 1:19-cv-486 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN RON ERDOS, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Toledo Correctional Institution, in Toledo, Ohio, brings this pro se civil-rights action alleging a violation of his constitutional rights while he was incarcerated at the Southern Ohio Correctional Facility. (Doc. 1-1).

On June 13, 2019, prior to filing the instant action, plaintiff filed a seemingly identical complaint in the Columbus Division of this Court, which was transferred to this Court on June 19, 2019. *See Galant v. Erdos, et al.*, No. 1:19-cv-466 (Dlott, J.; Litkovitz, M.J.) (S.D. Ohio). The earlier-filed action remains pending.

The instant complaint should be dismissed because it is duplicative of the prior complaint. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such

power should be exercised in this case.  *Cf. id.*; *see also Ball v. Obama*, 1:13cv204, 2013 WL 2153967, at *2, *5 (S.D. Ohio May 16, 2013) (Barrett, J.; Litkovitz, M.J.) (dismissing duplicative complaint at screening stage); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage as frivolous and lacking "an arguable basis in law or in fact").

Accordingly, in sum, the instant complaint should be dismissed with prejudice on the ground that plaintiff's allegations are duplicative of claims raised in Case No. 1:19-cv-466.  *See* 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEREMY P. GALLANT,<br>    Plaintiff, | Case No. 1:19-cv-486 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN RON ERDOS, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).